450 So.2d 596 (1984)
FLORIDA INSURANCE GUARANTY ASSOCIATION, Appellant,
v.
James PRICE, Appellee.
Nos. 83-968, 83-1649.
District Court of Appeal of Florida, Second District.
May 25, 1984.
Jeffrey R. Fuller and Larry W. Wertz of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellant.
Albert B. Lewis of Piper, Esteva, Karvonen & Lewis, St. Petersburg, for appellee.
RYDER, Judge.
James Price, the plaintiff below, had obtained automobile insurance from Kenilworth Insurance Company. During the policy period, Price was involved in an automobile accident which resulted in litigation.
The insurance policy included a provision that Kenilworth "will settle or defend, as we consider appropriate, any claim or suit asking for these damages. Our duty to settle or defend ends when our liability for this coverage has been exhausted." Kenilworth selected a law firm (herein referred to as "the Piper firm") to represent Price and Kenilworth.
Subsequently, Kenilworth underwent liquidation and an ancillary receiver was appointed. *597 Additionally, Florida Insurance Guaranty Association (FIGA) was appointed to fulfill Kenilworth's obligations.
In June 1982, Price filed a complaint seeking a declaratory judgment that FIGA was responsible for the continued defense of the two lawsuits which had been filed against Price as a result of the automobile accident. Also, the complaint sought to hold FIGA responsible for the payment of attorney's fees and costs incurred both before and after Kenilworth's insolvency.
The trial court found, inter alia, that Price was not personally liable for the Piper firm's fees which were incurred prior to Kenilworth's insolvency, in defense of the two negligence lawsuits, and FIGA was not liable to Price for these pre-insolvency fees. The court found that Price could recover from FIGA pre-insolvency court costs and personal costs, as well as post-insolvency attorney's fees. Attorney's fees for the case sub judice were also awarded by the trial court. Notices of appeal and cross-appeal were timely filed by the parties.
After an examination of the various issues raised on appeal and cross-appeal and the applicable statutory and case law, we find only one issue which warrants discussion: whether the trial court's award of pre-insolvency court costs is erroneous.
Apparently, the trial court believed that the pre-insolvency court costs were "covered claims" within the meaning of section 631.54(4), Florida Statutes (1981). Kenilworth Insurance Company, pursuant to its contractual duty to defend Price, incurred the $44.60 in court costs through the Piper firm. As Price did not incur the costs, they are not covered claims under section 631.54(4). See Argonaut Insurance Co. v. Maryland Insurance Co., 372 So.2d 960 (Fla. 3d DCA 1979). Appellee's argument that Argonaut is not applicable is unpersuasive. Therefore, we reverse the award of the pre-insolvency court costs. On remand, the trial court shall strike the award of $44.60 in court costs. The remaining portion of the trial court's order is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
GRIMES, A.C.J., and SCHEB, J., concur.