462 So.2d 88 (1985)
Charles E. NASH, III, Appellant,
v.
FORT LAUDERDALE BOARD OF ADJUSTMENT and City of Fort Lauderdale, Appellees.
No. 84-982.
District Court of Appeal of Florida, Fourth District.
January 9, 1985.
Arthur M. Wolff, Wolff & Gora, P.A., Fort Lauderdale, for appellant.
*89 Donald R. Hall and T.J. Ansbro, Jr., Fort Lauderdale, for appellees.
BARKETT, Judge.
Appellant Nash sought declaratory and injunctive relief from the application of certain zoning ordinances to a structure upon his property. The trial court granted Nash's request for declaratory relief, and denied his request for injunctive relief. Because both forms of relief should have been granted, we affirm in part and reverse in part.
Nash owns property in Fort Lauderdale that contains a single family residence and a roofed structure referred to as a tiki hut. The tiki hut encroaches upon the rear and side yard "setback" lines imposed by city zoning ordinances. In granting declaratory relief, the trial court found that the tiki hut was a "structure" within the meaning of the provisions of the zoning code. The court, however, denied Nash's request for injunctive relief, finding that the tiki hut violated rear yard and side yard setback requirements.
The relevant definitional provisions of section 47-2, Fort Lauderdale Code of Ordinances, are:

Setback. A "setback" is the minimum horizontal distance between a building and the boundary lines of the lot on which situated. (emphasis added).

Building. A "building" is a roofed and walled structure that is completely enclosed ... the use of which demands a permanent location on the land. (emphasis added).

Structure. A "structure" is anything constructed or erected, the use of which requires more or less permanent location on the land, or attached to something having a permanent location on the land.
Additionally, section 47-6.5, Fort Lauderdale Code of Ordinances, provides:
There shall be a side yard on each side of the building of not less than ten feet (10') for one and two story buildings not exceeding 22 feet in height. Where a building exceeds 22 feet in height that portion of the building above 22 feet in height shall be set back an additional one foot per foot of additional height.
Finally, section 47-6.7, Fort Lauderdale Code of Ordinances, provides:
There shall be a rear yard, which shall not be less than fifteen feet (15'), and where the lot abuts upon a waterway, the rear yard shall be not less than twenty-five feet (25') measured from the edge of the waterway. No building shall be erected in these areas. (emphasis supplied.)
Municipal ordinances are construed upon the same basis as statutes. Rinker Materials Corporation v. City of North Miami, 286 So.2d 552, 553 (Fla. 1973). Although legislative intent controls the construction of statutes, that intent is determined primarily from the language of a particular statute. Department of Legal Affairs v. Sanford-Orlando Kennel Club, 434 So.2d 879 (Fla. 1983); St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla. 1982).
The language of the ordinances before us is clear and unambiguous and speaks only of "buildings" not "structures."[1] The term "setback" is defined in terms of the distance between a "building" and the boundary lines of the lot. Additionally, section 474.7 states specifically that no "building" shall be erected in the setback areas. Property owners are entitled to rely upon the clear language of municipal ordinances. Ocean's Edge Development Corp. v. Town of Juno Beach, 430 So.2d 472, 474 (Fla. 4th DCA 1983), pet. for rev. den., 436 So.2d 101 (Fla. 1983).
Nash's tiki hut, as the trial court found, is not a fully enclosed structure, and therefore is not a "building" under the pertinent code provisions. Consequently, it *90 cannot violate the relevant setback ordinances.
Accordingly, we affirm the trial court's declaration that Nash's tiki hut is a "structure," reverse the trial court's order denying injunctive relief to Nash, and remand for entry of an order prohibiting the city from applying its setback ordinances to Nash's tiki hut.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DOWNEY and DELL, JJ., concur.
NOTES
[1] As we interpret these ordinances, all buildings are structures but not all structures are buildings.