492 So.2d 419 (1986)
Gregory AMAKER, Appellant,
v.
STATE of Florida, Appellee.
No. BG-54.
District Court of Appeal of Florida, First District.
July 10, 1986.
Rehearing Denied August 26, 1986.
Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
*420 SHIVERS, Judge.
Appellant Gregory Amaker appeals his conviction on two counts of battery of a law enforcement officer under Section 784.07, Florida Statutes (1983) and two counts of resisting an officer with violence under Section 843.01, Florida Statutes (1983). The issues on appeal are whether the trial court erred in denying appellant's requested jury instruction on self-defense, and whether the trial court erred in denying appellant's motion for judgment of acquittal as to the two counts of resisting an officer with violence. We affirm the denial of the jury instruction but reverse the trial court's denial of appellant's motion for judgment of acquittal.
First, we find no reversible error in the trial court's denial of the requested jury instruction. The testimony at trial pointed only to a defense of intoxication and a jury instruction on intoxication was given.
Second, we reverse appellant's conviction on the two counts of resisting an officer with violence under Section 843.01, Florida Statutes (1983)[1] as the denial of the motion for judgment of acquittal was erroneous. Counts III and IV of the information allege that appellant struck two state correctional officers, thereby violating Section 843.01, Florida Statutes (1983). At trial appellant moved for a judgment of acquittal arguing that the alleged victims, being state correctional officers, were not within the protection of the statute. We agree.
Section 843.01, Florida Statutes (1983) enumerates specific categories of law enforcement officers but not state correctional officers. Penal statutes are to be strictly construed in favor of the person against whom a penalty could be imposed. Ferguson v. State, 377 So.2d 709, 711 (Fla. 1979). Furthermore, the legislative history of Section 843.01, Florida Statutes reveals that the original House of Representatives Bill No. 252 sought to include within the statute the general term "correctional officers" defined pursuant to Section 944.58(1), Florida Statutes pursuant to Section 944.58(1), Florida Statutes (1979), as any person employed by this state or any subdivision thereof whose responsibility is the supervision, protection, care, custody, and control of inmates within the correctional institutions of this state. (Fla.H.R.Journal, p. 748, Reg.Sess. May 24, 1979).
Upon reaching the Senate, House Bill No. 252 was amended to specifically enumerate "county and municipal correctional officers" within the list of officers whom it is a felony to resist with violence, (Fla.S. Journal, Senate Bill No. 566, p. 515, Reg. Sess. May 23, 1979), and to delete any reference to a definition of "correctional officers" under Section 944.58(1), Fla. Stat. (1979). The House concurred in the Senate amendment and the amendment was passed as such. (Fla.H.R.Journal, p. 1209, Reg.Sess. June 6, 1979).
We do not know why the legislature excluded state correctional officers from protection under this statute. However, the function of the court is to interpret the law, not to legislate. Holley v. Adams, 238 So.2d 401 (Fla. 1970). Accordingly, we affirm appellant's conviction on two counts of battery of a law enforcement officer but reverse his conviction on two counts of resisting an officer with violence. We remand *421 for the trial court to enter judgments of acquittal as to Counts III and IV of the information and resentence.
AFFIRMED in part, REVERSED in part and REMANDED.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] Section 843.01, Florida Statutes (1983) provides:

Whoever knowingly and willfully resists, obstructs, or opposes any sheriff, deputy sheriff, officer of the Florida Highway Patrol, municipal police officer, county or municipal correctional officer, beverage enforcement agent, officer of the Game and Fresh Water Fish Commission, officer of the Department of Natural Resources, member of the Florida Parole and Probation Commission or any administrative aide or supervisor employed by said commission, parole and probation supervisor or parole and probation officer employed by the Department of Corrections, county probation officer, personnel or representative of the Department of Law Enforcement, or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.