492 So.2d 723 (1986)
Marvin GRAYDON, Appellant,
v.
STATE of Florida, Appellee.
No. BI-387.
District Court of Appeal of Florida, First District.
July 22, 1986.
On Suggestion of Certification August 20, 1986.
*724 Martha Ann Lott, Gainesville, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
A jury found appellant guilty of one count of battery upon a law enforcement officer under Section 784.07, Florida Statutes (1985), and one count of resisting an officer with violence under Section 843.01, Florida Statutes (1985). Appellant was an inmate at Union Correctional Institution and had an encounter with State Corrections officer Harris, who was the victim of the two above-referred offenses. Appellant claims that it was error to convict and sentence him on both offenses because, as he says, "the facts constituting the first offense also constitute the second offense." That contention has recently been resolved contrary to appellant's position in State v. Henriquez, 485 So.2d 414 (Fla. 1986).
Appellant also attacks the conviction and sentence on the Section 843.01 count on the ground that a corrections officer of the State Department of Corrections is not, by reason of the applicable statutory language, included within the class of persons protected under that statute. The exact issue was presented to this Court in another case and has been resolved in favor of appellant's position. See Amaker v. State, 492 So.2d 419 (Fla. 1st DCA 1986). We, therefore, reverse appellant's conviction and sentence on that count.
The appellant's last point concerns the trial court's handling of appellant's motion for mistrial which appellant's counsel made when a group of corrections officers, who were spectators in the courtroom, laughed during a portion of the defendant's testimony. We reject appellant's argument that the trial court dealt with the situation improperly.
Accordingly, we AFFIRM as to Count one and REVERSE as to Count two and REMAND with instructions to vacate and set aside the judgment and sentence imposed in Count two and to dismiss the charge thereunder.
MILLS and WENTWORTH, JJ., concur.

ON SUGGESTION OF CERTIFICATION
PER CURIAM.
Upon the State's suggestion, we certify the following question to the Supreme Court pursuant to Fla.R.App.P. 9.030(2)(A)(v):
Is Section 843.01, Florida Statutes, violated when a state correctional officer is resisted while such officer is in the lawful execution of a legal duty?
MILLS, WENTWORTH and NIMMONS, JJ., concur.