506 So.2d 393 (1987)
STATE of Florida, Petitioner,
v.
Marvin GRAYDON, Respondent.
No. 69252.
Supreme Court of Florida.
April 30, 1987.
*394 Robert A. Butterworth, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for petitioner.
Martha Ann Lott, Gainesville, for respondent.
OVERTON, Justice.
This is a petition to review Graydon v. State, 492 So.2d 723 (Fla. 1st DCA 1986), in which the district court held that section 843.01, Florida Statutes (1985), relating to resisting an officer with violence, does not include state correctional officers. On the state's suggestion, the court certified the following question:
Is section 843.01, Florida Statutes, violated when a state correctional officer is resisted while such officer is in the lawful execution of a legal duty?
492 So.2d at 724. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative and approve the First District Court of Appeal's decisions in this cause and in Amaker v. State, 492 So.2d 419 (Fla. 1st DCA 1986).
In the instant case, the appellant, Marvin Graydon, a Union Correctional Institution inmate, had a physical encounter with a state corrections officer. Graydon was charged with battery of a law enforcement officer under section 784.07, Florida Statutes (1985), and with resisting an officer with violence under section 843.01, Florida Statutes (1985). He was found guilty of both offenses. The only issue before us is whether section 843.01 includes state Department of Correction officers within its provisions. That statute reads as follows:
843.01 Resisting officer with violence to his person.  Whoever knowingly and willfully resists, obstructs, or opposes any sheriff, deputy sheriff, officer of the Florida Highway Patrol, municipal police officer, county or municipal correctional officer, beverage enforcement agent, officer of the Game and Fresh Water Fish Commission, officer of the Department of Natural Resources, weight and safety officer of the Department of Transportation, member of the Florida Parole and Probation Commission or any administrative aide or supervisor employed by said commission, parole and probation supervisor or parole and probation officer employed by the Department of Corrections, county probation officer, personnel or representative of the Department of Law Enforcement, or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The district court ruled that state correctional officers are not covered by this statute. As stated by the First District in Amaker, this statutory section "enumerates specific categories of law enforcement officers but not state correctional officers. Penal statutes are to be strictly construed in favor of the person against whom a penalty could be imposed." 492 So.2d at 420. The district court, in Amaker, reviewed the statute's legislative history which reflected that at one time the statute included all correctional officers, but it was amended to specifically enumerate "county and municipal correctional officers." 492 So.2d at 420.
The state argues it is absurd to suggest that the legislature intended to criminalize resistance to county and municipal, but not state, correctional officers. The state further contends that since correctional officers are legally authorized to execute process on prisoners, they are included under section 843.01 even if they are not specifically identified in the statute. We reject *395 these arguments. We are not going to speculate why the legislature did not include state correctional officers within the statute. This Court does not have the authority to legislate, and only the legislature can include state correctional officers within the provisions of section 843.01. Accordingly, we approve the district court's decisions in the instant case and in Amaker.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.