505 So.2d 1361 (1987)
Tracy BROXSON, Appellant,
v.
STATE of Florida, Appellee.
No. BK-296.
District Court of Appeal of Florida, First District.
April 10, 1987.
Rehearing Granted May 20, 1987.
*1362 Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant Tracy Broxson seeks review of his conviction and sentence on charges of resisting a law enforcement officer with violence. Appellant presents three questions for our consideration: (1) whether the trial court erred in denying his motion for judgment of acquittal on the charge of resisting a law enforcement officer with violence, pursuant to section 843.01, Florida Statutes; (2) whether the trial court erred in refusing to instruct the jury on voluntary intoxication; and (3) whether the trial court erred in refusing to grant a mistrial when the state failed to impeach inmate Riley's denial of a sexual relationship between himself and appellant. We affirm in part and reverse in part.
Appellant was charged in a four-count information with (1) battery upon a law enforcement officer; (2) battery upon Officer Lane, causing bodily injury through use of a deadly weapon, i.e., a mop handle; (3) possession of contraband, the mop handle, in a state institution; and (4) resisting a state correctional officer with violence, contrary to section 843.01, Florida Statutes (1985).
The evidence adduced at trial established that on the evening of June 26, 1985, appellant and inmate Riley were involved in a loud argument. According to Riley, appellant had been drinking too much and was belligerent. Riley locked himself in his cell to avoid a fight. Appellant convinced Correction Officer Lane that the cell was his, and that he had locked his key inside. After gaining access to Riley's cell by this subterfuge, appellant continued his altercation with Riley  ignoring Correction Officer Lane's order to leave the cell. Appellant struck at Correction Officer Lane with a mop handle, hitting Lane on the finger and elbow. Lane's finger later required surgery. After Officer Lane acquired possession of the mop handle, appellant began to choke Lane with his hands. Inmates Riley and Cochran held appellant until Officer Lane got out of the cell.
It is undisputed that appellant had been drinking on the day of the incident. Correction Officer Lane stated that appellant appeared intoxicated. Lane smelled alcohol on appellant's breath, observed appellant stagger on the prison stairs and catch the rail to avoid a fall, and stated that appellant stuttered when he spoke.
Inmate Riley attributed the argument between appellant and himself to the fact *1363 that appellant had had too much to drink. Appellant's testimony on this point is set forth below, and is consistent with that of Officer Lane and inmate Riley:
Q ... can you describe what your state of sobriety or intoxication was?
A I was drunk. I was drinking most of that day. I was drunk by evening.
Q Where had you obtained this alcoholic beverage?
A From a couple of different places on the compound.
Q And what quantity, if you recall, had you drank?
A I was pretty well drunk to be honest.
Q How was it affecting your perception, your observations and your judgment?
A Well, I knew what was happening. I wasn't so drunk I didn't know what was happening.
During cross examination, the prosecutor questioned inmate Riley concerning an alleged homosexual relationship between appellant and Riley. Riley denied any such relationship. The prosecutor anticipated presenting a rebuttal witness. However, on proffer it was determined that the State would be unable to impeach Riley's denial of any homosexual relationship with appellant. The prosecutor acknowledged his questions were improper but maintained they were not made in bad faith. Rather, the questions had resulted from his (the prosecutor's) misunderstanding of the evidence. Appellant's motion for mistrial, due to the alleged prejudicial effect of the prosecutor's questions, was denied. The trial court advised the jury that there was no evidence which would give credence to the allegation, and instructed the jury to disregard any suggestion of a homosexual relationship between appellant and inmate Riley. The jurors were then polled to determine whether they could follow the curative instruction.
Appellant's motion for an acquittal on all counts was denied. The trial court also denied appellant's request for an instruction on voluntary intoxication, on the ground that appellant had admitted he was aware of what transpired.
The jury returned a verdict of guilty on all counts. Appellant was sentenced to serve consecutive terms of four years on Count I, eight years on Count II, four years on Count III, and four years on Count IV.
With regard to the first question raised herein, the State acknowledges that decisions from this court have established that "state correctional officers are not within the intendment of section 843.01." Powell v. State, 498 So.2d 623, 624 (Fla. 1st DCA 1986). See also Thompson v. State, 493 So.2d 1081 (Fla. 1st DCA 1986); Graydon v. State, 492 So.2d 723 (Fla. 1st DCA 1986); Amaker v. State, 492 So.2d 419 (Fla. 1st DCA 1986).
Therefore, we reverse the trial court's denial of motion for judgment of acquittal on the Count IV charge of resisting a state correctional officer with violence.
The second question concerns the trial court's refusal to instruct the jury on voluntary intoxication. It is undisputed that "[a] defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support such instructions." Hooper v. State, 476 So.2d 1253, 1256 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1501, 89 L.Ed.2d 901 (1986). Accord Smith v. State, 424 So.2d 726 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983); Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). Although we find evidence in this case to establish that appellant had been drinking prior to commission of the charged offenses, we also find that appellant testified that he knew what he was doing. Moreover, while appellant also claimed to have been "pretty well drunk," his defense was that he did not have in his possession any "stick" or "mop handle," or any other kind of weapon, and he further testified that he did not even touch Officer Lane with either a mop handle or his hands. Thus, the defense of intoxication now urged on appeal is totally inconsistent with the defense presented at trial, and is unaccompanied by facts which would justify a theory that *1364 appellant committed the assault on the officer but was intoxicated to the extent that he was unable to formulate the necessary intent to commit the offenses charged. Hooper v. State, 476 So.2d 1253 (Fla. 1985). We, therefore, affirm the trial court's ruling on this point.
The third question concerns the denial of appellant's motion for mistrial, due to the allegedly prejudicial effect of the prosecutor's suggestion of a homosexual relationship. It is well-settled that a motion for mistrial is directed to the sound discretion of the trial court, and the motion should be granted only in cases of absolute necessity. Ferguson v. State, 417 So.2d 639, 641 (Fla. 1982). Even though there is a valid basis for objection to a comment made during trial, the preferred remedy is a curative instruction. Marek v. State, 492 So.2d 1055 (Fla. 1986).
In the instant case, the prosecutor agreed his examination of inmate Riley was improper. An examination of the record, however, indicates the attempt to elicit impeaching testimony from Riley was not pursued at length. When this effort at impeachment is viewed in the context of the trial as a whole, we consider that any potential prejudice was allayed by the trial court's curative instruction, and affirm the trial court's ruling on this point as well.
Accordingly, we reverse point one and again certify as a question of great public importance the question stated in Graydon v. State, 492 So.2d 723 (Fla. 1st DCA 1986):
IS SECTION 843.01, FLORIDA STATUTES, VIOLATED WHEN A STATE CORRECTIONAL OFFICER IS IN THE LAWFUL EXECUTION OF A LEGAL DUTY?
Affirmed in part, reversed in part, and remanded for vacation of the sentence imposed pursuant to Count IV.
SMITH and BARFIELD, JJ., concur.
JOANOS, J., dissents in part with written opinion.
JOANOS, Judge, dissenting in part.
Although I concur with the majority's decision with regard to points one and three, I respectfully dissent with regard to point two. In my judgment, the evidence adduced at trial entitled appellant to a jury instruction on voluntary intoxication. In factually similar circumstances, the Fourth District concluded that in a situation where the defendant did not deny she had been drinking, but gave as her opinion that she was not intoxicated, it did not remove the necessity to instruct on voluntary intoxication. Mellins v. State, 395 So.2d 1207 (Fla. 4th DCA), review denied, 402 So.2d 613 (Fla. 1981). See also Pope v. State, 458 So.2d 327, 329 (Fla. 1st DCA 1984), review denied, 462 So.2d 1108 (Fla. 1985).
There is uncontroverted evidence in this case that appellant had been drinking. Further, inmate Riley testified that appellant was intoxicated at the time of the incident which gave rise to the subsequent charges. Therefore, despite the fact that appellant stated at trial that he was aware of what was happening, I conclude the trial court erred in failing to instruct the jury on voluntary intoxication and would reverse point two.