## STATE OF FLORIDA v TANKERSLEY

Case No. 87-16804 MMA02

County Court, Palm Beach County, Florida

November 24, 1987

### APPEARANCES OF COUNSEL

**William McAfee,** Assistant State Attorney, for plaintiff.

**Ed O'Hara,** Public Defender's Office, for defendant.

### OPINION OF THE COURT

HOWARD C. BERMAN, County Judge.

THIS CAUSE came before the Court upon the defendant's non-jury trial for disorderly intoxication. The State was represented by Assistant State Attorney William McAfee and the defendant was represented by Ed O'Hara, Esquire. The Court having taken testimony, heard argument of counsel and being otherwise fully advised in the premises finds as follows:

## FACTS

On July 25, 1987 Deputy Sheriffs Martinez and Nunes responded to a complaint in Palm Beach County. Upon arrival, they noticed a disturbance between the defendant, the defendant's husband and another man. All 3 were shouting obscenities and were obviously intoxicated. The officers further testified that they made repeated attempts to quell the disturbance, however, the altercation made its way to the street and caused the neighborhood to be disturbed. As a result, the officers were forced to arrest all three for disorderly intoxication. The State has agreed and stipulated that at no time did the defendant endanger the safety of any person or property.

## FINDINGS

The issue presented is whether the defendant's conduct violated *Florida Statute* 856.011(1) (1985). FS 856.011(1) provides that:

No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place or in or upon any public conveyance and cause a public disturbance.

The issue then is what elements need to be proven in order for one to be guilty of disorderly intoxication. The problem presents a situation where the legislature in adopting FS 856.011(1) shows the conjunction *and* the necessary elements of the statute.

The State argues that the statute should be read in the disjunctive and should be an either/or situation. The State's position is supported by the *Standard Jury Instructions in Misdemeanor Cases,* which resulted from the Conference of County Court Judges Criminal Law Reform and Rules Committee. The Conference noted that the instructions for misdemeanors are intended to be used as a supplement to the Florida Standard Jury Instructions Criminal Cases, 1981 edition. However, the Conference further went on to state "it is hoped that these instructions will provide a guideline to trial judges in misdemeanor cases and establish uniformity throughout the state with regards to these cases."

The jury instruction for disorderly intoxication reads as follows:

Before you can find the defendant guilty of Disorderly Intoxication, the State must prove the following two elements:

Elements a. [1. (Defendant was intoxicated, and
Give a or b 2. He endangered the safety of
as applicable another [person] [property].

**51**

b. [1. (Defendant) was intoxicated or drank any alcoholic beverage in a [public place] [in or public conveyance] and

2. He caused a public disturbance].

Unfortunately, these standard jury instructions in misdemeanor cases have never been formally adopted by the Supreme Court of Florida.

The State argues that legislative intent controls the construction of statutes. *Nash v. Ft. Lauderdale Board of Adjustment,* 462 So.2d 88, 89 (Fla. 4th DCA 1985) The State is correct in stating that legislative intent is primarily determined by the statutory language. The State argues that they do not have to prove that a person is guilty of disorderly intoxication by endangering the safety of another *and* also that *that* person was causing a public disturbance.

The defendant argues that criminal statutes are to be strictly construed and applied in light most favorable to the party against whom they are asserted. *Negron v. State,* 306 So.2d 104 (Fla. 1975.) Florida Statute 775.021(1) (1985) states:

The provisions of this code and offenses defined by other statutes shall be strictly construed; when a language is susceptible of differing constructions, it shall be construed most favorably to the accused.

Courts have consistently held that where there is any doubt in construing a penal statute the "Rule of Lenity" requires that doubt be resolved in favor of the accused. *Amaker v. State,* 492 So.2d 419 (Fla. 1st DCA 1986); *Ferguson v. State,* 377 So.2d 709, 711 (Fla. 1979). The defendant further argues that it may be asserted that had the legislature intended the statute to be in the disjunctive, that they would have inserted a semicolon after the word property, thereby clearly indicating their intent. The Court in *Amaker* suggests, "the function of the Court is to interpret the law, not to legislate." *Amaker,* p. 420.

Because of the ambiguous statute, this Court grants the defendant's Motion for Judgment of Acquittal.

As a further note, this Court wants to commend both parties for preparing excellent and concise memoranda of law.

DONE AND ORDERED in chambers in West Palm Beach, Palm Beach County, Florida this 24th day of November, 1987.