## WIMBLEDON TOWNHOUSE CONDOMINIUM I ASSOCIATION, INC. v INTEGRITY INSURANCE COMPANY, et al.

### Case No. 87-02229 CK

Seventeenth Judicial Circuit, Broward County

March 20, 1989

### APPEARANCES OF COUNSEL

**Kenneth S. Direktor,** Becker, Poliakoff & Streitfeld, P.A., for plaintiff.

**Andrea Kessler,** for defendants.

### OPINION OF THE COURT

JOHN T. LUZZO, Circuit Judge.

#### *PARTIAL SUMMARY JUDGMENT*

THIS CAUSE came on before the Court on Plaintiff WIMBLEDON TOWNHOUSE CONDOMINIUM I ASSOCIATION, INC.'s ("ASSOCIATION") Renewed Motion for Partial Summary Judgment against Defendant FLORIDA INSURANCE GUARANTY ASSOCI-

ATION ("FIGA"), and the Court having considered the motion, the affidavits submitted in support thereof, and the record, having heard argument of counsel and being otherwise duly advised in the premises, the Court makes the following findings:

## I. *FINDINGS OF FACT*

ASSOCIATION's affidavits are unrebutted and, therefore, the Court finds the following material facts to be undisputed:

ASSOCIATION is the named insured under a special multi-peril insurance policy (the "POLICY") issued by Defendant INTEGRITY INSURANCE COMPANY ("INSURER"). The POLICY insures ASSOCIATION and also defines additional persons insured to include "any employee (other than executive officers) of the named insured while acting within the scope of his duties . . ." The POLICY also specifically provides coverage for the cause of action of malicious prosecution and also requires INSURER to defend any suit against the insured seeking damages.

ASSOCIATION and its administrative manager, ANGELA FIORE ("FIORE"), were named as defendants in Broward County Circuit Court Case No. 85-05397 DF ("the prior action"). The prior action raised malicious prosecution as a cause of action against ASSOCIATION and FIORE. FIORE was named as a co-defendant in the prior action with the Complaint specifically alleging that FIORE was acting within the scope and course of her official capacity as administrative assistant for ASSOCIATION. ASSOCIATION acknowledged and admitted in the prior action that FIORE was, at all times material to the prior action, acting within the scope and course of her official capacity as administrative assistant for ASSOCIATION.

FIORE was not an executive officer, has never been elected to any office or other position with regard to ASSOCIATION, has never been a resident of the community and was not on the Board of Directors or an officer of ASSOCIATION at any time material hereto. FIORE has been an employee hired by ASSOCIATION and has served ASSOCIATION only in the capacity of an employee at all times material hereto.

ASSOCIATION made a claim under the POLICY to INSURER for the provision of defense counsel for itself and FIORE in the prior action. INSURER declined to provide defense counsel for FIORE. ASSOCIATION thereupon retained counsel at its own expense to defend FIORE in the prior action. INSURER also denied ASSOCIATION's claims for the attorney's fees incurred by ASSOCIATION defending FIORE in the prior action, which attorney's fees are the subject of this action.

**97**

The prior action was voluntarily dismissed on the date of trial, but was re-filed again raising the claim of malicious prosecution against ASSOCIATION and FIORE. In the re-filed case, FIGA is presently providing coverage and defense counsel to ASSOCIATION and FIORE. INSURER was adjudicated insolvent and has been placed in a liquidation proceeding by the Superior Court of New Jersey Chancery Division: Bergen County, General Equity Part, Docket No. C7022-86. Due to the insolvency of INSURER, ASSOCIATION made a claim to FIGA for the attorney's fees being the subject of this action, and FIGA has refused to indemnify ASSOCIATION for the total amount claimed.

## II. *CONCLUSIONS OF LAW*

FIGA raised as an affirmative defense that ASSOCIATION's claim is not a covered claim, as defined in § 631.45(3), Florida Statutes, in that the claim for attorney's fees was for attorney's fees incurred prior to the insolvency of INSURER. The Court has scrutinized the provisions of the Florida Insurance Guaranty Association Act ("the FIGA Act"). The Court has also reviewed the few pertinent cases interpreting the FIGA Act, although the Court has found no cases directly on point and, accordingly, the Court has also reviewed pertinent cases in the area of statutory construction.

With regard to the FIGA Act, the Court first makes note of §§ 631.51 and 631.53, Florida Statutes. The legislative intent of the FIGA Act is clearly stated in § 631.51, Florida Statutes, which provides that the purpose of the Act is "to provide a mechanism for the payment of covered claims under certain insurance policies to avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer . . ." Section 631.53, Florida Statutes, provides a guide for construction of the FIGA Act by providing that the Act shall be "liberally construed to effect the purposes set forth in § 631.51." This Court is constrained [sic] based upon the foregoing provisions and relevant case law in the area of statutory construction to construe the FIGA Act in light of its manifest purpose and to give effect to the expressed legislative intent. *Tampa-Hillsborough County Expressway Authority v K.E. Morris Alignment Service, Inc.,* 444 So.2d 926 (Fla. 1983); *City of Tampa v Thatcher Glass Corp.,* 445 So.2d 578 (Fla. 1984); *Department of Legal Affairs v Rogers,* 329 So.2d 257 (Fla. 1976). The Court also notes that § 631.51, Florida Statutes, reflects a legislative intent to protect the public. Hence, the provisions of § 631.53, Florida Statutes, which call for a liberal construction of the FIGA Act are consistent with case law

in this state requiring statutes intended for the benefit of the public to be interpreted most favorably to the public. *Board of Public Instruction of Broward County v Doran,* 224 So.2d 693 (Fla. 1969). The Court finds that these provisions of the FIGA Act and the consistent case law are supportive of ASSOCIATION's position and contrary to FIGA's position in this action.

FIGA has argued that ASSOCIATION's claim is not a "covered claim" as defined within the statute. Section 631.45(3), Florida Statutes, in pertinent part, defines "covered claims" to include "an unpaid claim . . . which arises out of, and is within the coverage . . ." Based upon the undisputed facts in this case, it is clear to this Court that the underlying POLICY with INSURER provided coverage for the cause of action brought against the ASSOCIATION and FIORE, that FIORE was an additional person insured under the POLICY, and that the POLICY specifically required the provision of defense counsel.

FIGA has argued that the case of *Florida Insurance Guaranty Association v Price,* 450 So.2d 596 (Fla. 2d DCA 1984) supports its argument that ASSOCIATION's claim is not a covered claim. This Court finds that case to be distinguishable. In that case, the insurer retained defense counsel, became insolvent and then failed to pay the attorneys it had retained to defend its insured. The court in the *Price* case specifically premised its decision on the fact that the insured did not incur and was not liable for costs and fees. The insurance company had performed under the policy but had not paid the attorneys it had employed. Therefore, the court found that the law firm was a creditor of the insurance company and that the claim was not a covered claim as defined in the FIGA Act. In the present case, the insurance company never provided defense counsel, forcing the insured to retain and pay for defense counsel. For the foregoing reasons, the fact that FIGA has not contested coverage and is presently defending FIORE in the re-filing of the prior action, this Court finds the ASSOCIATION's claim to be a covered claim as defined in § 631.45(3), Florida Statutes.

The Court then turns to § 631.57, Florida Statutes, for an analysis of FIGA's duties and obligations. That section provides that FIGA is "obligated to the extent of covered claims" and is "deemed the insurer to the extent of its obligation" thereon and, to that extent, FIGA has all of the "rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent." Based upon these provisions, it is clear to the Court that FIGA is obligated to honor ASSOCIATION's claim as INSURER would be obligated to honor the claim had it not become insolvent. Although FIGA argues that it is not liable on pre-insolvency claims, this Court can find no provision of the FIGA

**99**

Act which limits the definition of covered claims or limits FIGA's obligation to post-insolvency claims. Accordingly, this Court is constrained to interpret and enforce the FIGA Act based upon the clearly-expressed legislative purpose referenced above and the plain meaning of the statutory language. *Nash v Fort Lauderdale Board of Adjustment,* 462 So.2d 88 (Fla. 4th DCA 1985); *St. Petersburg Bank & Trust Co. v Hamm,* 414 So.2d 1071 (Fla. 1982); *Holmes v Blazer Financial Services, Inc.,* 369 SO.2d 987 (Fla. 4th DCA 1979); *Citizens of the State of Florida v Public Service Commission,* 435 So.2d 784 (Fla. 1983).

Based upon the foregoing findings of fact and conclusions of law, there being no material facts in dispute, the Court finds that the ASSOCIATION is entitled to judgment as a matter of law.

Accordingly, it is

ORDERED AND ADJUDGED that:

A. ASSOCIATION's Renewed Motion for Partial Summary Judgment be and the same is hereby granted.

B. The Court reserves jurisdiction for the purpose of conducting a hearing on the issue of damages; specifically, for the purpose of determining and assessing against FIGA the attorney's fees which form the basis of ASSOCIATION's claim.

C. The Court reserves jurisdiction for the purpose of determining the costs and attorney's fees incurred by ASSOCIATION in bringing this action and assessing same against FIGA.

DONE AND ORDERED in chambers, at Fort Lauderdale, Broward County, Florida, this 20th day of March, 1989.