693 So.2d 713 (1997)
C.L., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1028.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
*714 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbra Amron Weisberg, Assistant Attorney General, West Palm Beach, for Appellee.
SHAHOOD, Judge.
Appellant seeks review of a disposition order adjudicating him guilty of battery on a law enforcement officer and resisting without violence. We affirm appellant's conviction on the charge of battery on a law enforcement officer. With respect to the charge of resisting without violence, appellee concedes, and we agree, that the disposition order must be corrected to reflect that appellant was found guilty of a misdemeanor and not a third degree felony as stated in the disposition order.
Appellant, a juvenile, was charged with and found guilty of battery on a law enforcement officer. The officer involved was a Palm Beach County School Board police officer. Succinctly put, the issue presented here is whether a school board police officer is a law enforcement officer within the meaning of section 784.07, Florida Statutes (1995).
Specifically, section 784.07(1)(a), Florida Statutes (1995), states the following:
As used in this section, the term "law enforcement officer" includes a law enforcement officer, a correctional officer, a correctional probation officer, a part-time law enforcement officer, a part-time correctional officer, an auxiliary law enforcement officer, and an auxiliary correctional officer, as those terms are respectively defined in Sec. 943.10,....
Section 943.10(1), Florida Statutes (1995), defines law enforcement officer as follows:
(1) "Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.
(Emphasis added).
Section 1.01, Florida Statutes (1995), defines "political subdivision" as follows:
The words "public body," "body politic," or "political subdivision" include counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state.
(Emphasis added).
We recognize that penal statutes are to be strictly construed in favor of the person against whom the penalty could be imposed. Amaker v. State, 492 So.2d 419 (Fla. 1st DCA), review denied, 497 So.2d 1218 (Fla. 1986). In this case however, a careful reading *715 of the applicable statutes, specifically section 1.01, leads us to conclude that a school district is a "political subdivision" within this state.
We therefore hold that a Palm Beach County School Board police officer is a "law enforcement officer" within the meaning of section 784.07, Florida Statute (1995), and affirm appellant's conviction.
An additional point raised by appellant is that the disposition order requires him to perform seventy-five (75) hours of community service, but that condition was not announced by the court at sentencing. We affirm based on A.B.C. v. State, 682 So.2d 553 (Fla.1996)(statutorily authorized conditions of community control for juveniles adjudicated delinquent or with adjudication withheld need not be orally pronounced).
As previously stated, we remand only for the purpose of correcting appellant's disposition order to reflect that he was found guilty of a misdemeanor and not a third degree felony.
AFFIRMED; REMANDED WITH DIRECTIONS.
STONE and WARNER, JJ., concur.