# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2023-2681
LT Case No. 2020-CF-001719

———————————————————

MADDIE JOY LANGLOIS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————————

On appeal from the Circuit Court for St. Johns County.
R. Lee Smith, Judge.

Matthew J. Metz, Public Defender, and Joseph Chloupek,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah
A. Chance, Assistant Attorney General, Daytona Beach, for
Appellee.

July 12, 2024

PER CURIAM.

AFFIRMED.

EDWARDS, C.J., and HARRIS, J., concur.
KILBANE, J., concurring specially, with opinion.

KILBANE, J., concurring specially.

I agree with the majority that this case should be affirmed. I write separately to address the application of section 934.03, Florida Statutes (2020), where, as here, the conduct alleged could support a charge of either the interception of a "wire" or an "oral" communication.

Maddie Joy Langlois was originally charged with the unlawful interception of an "oral communication" in violation of section 934.03(a)(1) after she recorded a phone conversation to which she was a party without the consent of the other party. She filed a motion to dismiss arguing that the other party did not have a reasonable expectation of privacy. After the hearing on Langlois's motion to dismiss, the State amended the information and instead charged Langlois with unlawful interception of a "wire communication," also in violation of section 934.03(a)(1). Thereafter, Langlois pled to unlawfully intercepting a "wire communication."

When a statute may be violated in separate and distinct ways, a person may be charged based on how the statute was violated. *See generally Graham v. State*, 207 So. 3d 135, 140 (Fla. 2016) (discussing double jeopardy "distinct acts" test for situations where single statute may be violated in multiple ways); *Sanders v. State*, 101 So. 3d 373, 375 (Fla. 1st DCA 2012) (same). Florida's wiretapping statute states, in relevant part, that "any person who . . . [i]ntentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, *or* electronic communication . . . is guilty of a felony of the third degree." § 934.03(1)(a), 4(a), Fla. Stat. (2020) (emphasis added). Importantly, however, the statute separately defines "wire communication," "oral communication," and "electronic communication":

As used in this chapter:

(1) "Wire communication" means any aural transfer[1] made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception including the use of such connection in a switching station furnished or operated by any person engaged in providing or operating such facilities for the transmission of intrastate, interstate, or foreign communications or communications affecting intrastate, interstate, or foreign commerce.

(2) "Oral communication" means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication.

. . . .

(12) "Electronic communication" means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce, but does not include:

(a) Any wire or oral communication;

(b) Any communication made through a tone-only paging device;

(c) Any communication from an electronic or mechanical device which permits the tracking of the movement of a person or an object; or

---

[1] "'Aural transfer' means a transfer containing the human voice at any point between and including the point of origin and the point of reception." *Id.* § 934.02(18).

3

(d) Electronic funds transfer information stored by a financial institution in a communications system used for the electronic storage and transfer of funds.

*Id.* § 934.02(1)–(2), (12).

These statutory definitions control our analysis. *See Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 59 (2024) (explaining when legislative body "takes the trouble to define the terms it uses, a court must respect its definitions as 'virtually conclusive.'" (quoting *Sturgeon v. Frost*, 587 U.S. 28, 56 (2019))). In recognition of these defined terms, we have previously explained that "wire communications" and "oral communications" are not the same. *See Weeks v. State*, 292 So. 3d 1251, 1252 n.2 (Fla. 5th DCA 2020). "Notably, the definition of 'wire communication' does not include the same qualifying 'reasonable expectation of privacy' language as the definition of oral communication." *Id.* Accordingly, if a person is charged under section 934.03(1)(a) for unlawfully intercepting a "wire communication," there is no requirement that the person whose communication was intercepted have a reasonable expectation of privacy. *See* § 934.02(1), Fla. Stat. This is true even though a person charged under section 934.03(1)(a), the same statutory subsection, for unlawfully intercepting an "oral communication" would be subject to such a requirement. *See id.* § 934.02(2); *see also Baker v. State*, 636 So. 2d 1342, 1343–44 (Fla. 1994) ("Where the legislature has used particular words to define a term, the courts do not have the authority to redefine it." (citing *State v. Graydon*, 506 So. 2d 393, 395 (Fla. 1987))); *Deloatch v. State*, 360 So. 3d 1165, 1169 (Fla. 4th DCA 2023) ("When a statute includes an explicit definition, [courts] must follow that definition . . . ." (first alteration in original) (quoting *Stenberg v. Carhart*, 530 U.S. 914, 942 (2000))). However, all three defined communications remain subject to the consent requirement. *See* § 934.03(2)(d), Fla. Stat. ("It is lawful under this section . . . for a person to intercept a wire, oral, or electronic communication when all of the parties to the communication have given prior consent to such interception.").

Based on the plain language of section 934.02, situations may arise where the communication falls within the definition of both

4

"wire communications" and "oral communications"[2]; whereas the Legislature specifically excluded "wire or oral communications" from the definition of "electronic communication." If a communication can be either a "wire" or "oral" communication, the decision regarding what charges should be filed, if any, is left to prosecutorial discretion, s*ee State v. Cain*, 381 So. 2d 1361, 1367 n.8 (Fla. 1980) (explaining under separation of powers, courts will not interfere with free exercise of prosecutor's discretion to control criminal prosecutions), but what must be proven to support the charged conduct remains determined by statute.

Here, the State made the decision to amend the information and charge Langlois with intercepting a "wire communication" instead of an "oral communication." Langlois subsequently pled to this charge. The State's decision to amend the charging document, as it did in this case, is a core function of prosecutorial discretion. *See State v. Bloom*, 497 So. 2d 2, 3 (Fla. 1986) ("Under Florida's constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute." (citing Art. II, § 3, Fla. Const.)); *In re Wild*, 994 F.3d 1244, 1260 (11th Cir. 2021) ("Broadly defined, the term 'prosecutorial discretion' refers to the soup-to-nuts entirety of '[a] prosecutor's power to choose from the options available in a criminal case, such as filing charges, prosecuting, not prosecuting, plea-bargaining, and recommending a sentence to the court.'" (alteration in original) (quoting *Prosecutorial Discretion*, *Black's Law Dictionary* (10th ed. 2014))).

As technology continues to progress, the ease with which a conversation may be surreptitiously recorded progresses along with it. Consequently, prosecutors are being faced with even more circumstances where section 934.03(1)(a) may be implicated. As such, separation of powers requires courts to respect both the Legislature's chosen statutory scheme under which these communications are to be classified as well as the State's constitutionally delegated authority to choose how to prosecute these cases. Therefore, I concur.

---

[2] That said, not all "wire communications" or "oral communications" will fall under the definition of both.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____