WENTWORTH, Judge.
Appellant seeks review of his conviction for armed burglary and attempted aggravated assault and his 15-year departure sentence. He raises several points on appeal. We find merit only in appellant’s contention that the trial court erred in departing from the sentencing guidelines on the basis of the state’s agreement not to seek habitual offender status in exchange for sentencing outside the guidelines. We affirm the conviction, but reverse and remand for resentencing.
Appellant was charged with one count of armed burglary of a structure, in violation of section 810.07 and 810.02(2), Florida Statutes, and aggravated assault with a deadly weapon, in violation of sec *305 tion 784.021(l)(a), Florida Statutes. After a jury found him guilty of the armed burglary charge and the lesser included offense of attempted aggravated assault, appellant apparently agreed to be sentenced outside the sentencing guidelines in exchange for the state’s agreement not to seek habitual offender sentencing. The recommended guidelines range was 9-12 years incarceration. In accordance with the agreement, the trial court sentenced appellant to 15 years incarceration. Following sentencing, the supreme court in Whitehead v. State, 498 So.2d 863 (Fla. 1987) held that the habitual offender statute “cannot be considered as providing an exemption for a guidelines sentence,” and habitual offender status is not a valid reason for imposition of a departure sentence. Id. at 865, 866. A defendant may agree to a departure sentence, but he “cannot by agreement confer on the court the authority to impose an illegal sentence.” Williams v. State, 500 So.2d 501, 503 (Fla. 1986). In this case it appears that the sole inducement for appellant’s agreement to the departure sentence was the threat of a sentence pursuant to the habitual offender status.
Accordingly, we reverse the departure sentence and remand the case for resen-tencing.
BOOTH and THOMPSON, JJ., concur.