579 So.2d 807 (1991)
Phillip TROTT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1477.
District Court of Appeal of Florida, Fifth District.
May 9, 1991.
Rehearing Denied June 3, 1991.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Phillip Trott appeals his judgment and sentence as an habitual violent felony offender for second degree murder and possession of a firearm by a convicted felon committed on January 20, 1990. Appellant entered a plea of nolo contendere in exchange for a guideline sentence with habitual offender treatment.
Although the recommended guideline range was incarceration for 12-17 years, Trott agreed to a sentence of up to 27 years. At the sentencing hearing, the State introduced a certified conviction for armed robbery from Monroe County, Florida[1] and a certified conviction from Texas *808 for theft of a motor vehicle.[2] When asked if she wished to be heard on the evidence, defense counsel stated, "No, Your Honor, that was part of the plea agreement." Based upon the evidence, the trial judge declared appellant to be an habitual violent felony offender. The trial judge sentenced appellant to incarceration for 27 years with a mandatory 15 years. Trott argues that since the State failed to prove that he was an habitual violent felony offender, the 15 year mandatory is an illegal sentence. We agree.
The State contends that Trott waived the factual determination that he was an habitual violent felony offender by agreeing to the sentence imposed. Although it appears that defense counsel may have agreed to such sentence, Trott, by his plea agreement, certainly did not. He agreed to 27 years in prison and to be adjudged an habitual offender, not an habitual violent felony offender.
While it is well established that a plea bargain is a sufficient basis for a departure sentence (Quarterman v. State, 527 So.2d 1380 (Fla. 1988); Smith v. State, 530 So.2d 304 (Fla. 1988)) it will not support an illegal sentence. Williams v. State, 500 So.2d 501 (Fla. 1986), receded from on other grounds, Quarterman v. State, supra; see also Taylor v. State, 512 So.2d 304 (Fla. 1st DCA 1987) (defendant may agree to departure, but cannot by agreement confer on court authority to impose illegal sentence). It is equally well established that an illegal sentence can be corrected without a contemporaneous objection. Whitfield v. State, 487 So.2d 1045 (Fla. 1986).
Although the State's evidence supports a finding of habitual felon status, it does not establish an habitual violent felon status because the previous violent felony was neither committed nor the offender released from confinement within five years from the present offense. The intervening Texas offense is a "qualified offense" committed within five years and supports the habitual offender classification. Since it was not for an "enumerated felony," it cannot satisfy the habitual violent felony classification.
Trott, pursuant to his agreement, should be resentenced to 27 years without the imposition of the mandatory sentence.
REVERSED.
GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] Trott was convicted of this offense in June, 1972 and released from confinement on June 1, 1984.
[2] He was sentenced to three years commencing on February 13, 1985.