610 So.2d 594 (1992)
Rolland Allen BURRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01124.
District Court of Appeal of Florida, Second District.
December 11, 1992.
*595 James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
SEALS, JAMES H., Associate Judge.
Appellant's, Rolland Allen Burrell's, appeal of his thirty-year split sentence of seventeen years prison and thirteen years of probation, requires this court to decide whether Florida's habitual felony statute, section 775.084, Florida Statutes (1989), allows a sentencing judge to impose a hybrid sentence of prison without habitual felony offender status, followed by probation as a habitual felony offender (a sentencing technique the trial judge referred to as "habitualized probation").
Appellant (hereafter defendant) was charged in three separate informations with robbery and two auto thefts, which were consolidated for trial. Prior to trial the trial court timely notified the defendant that it intended to have him adjudged, if convicted, a habitual felony offender pursuant to section 775.084, Florida Statutes (1989). There was also an agreement between the parties and the trial court in which the parties waived jury trial on the three consolidated cases in exchange for certain sentencing promises from the court should the defendant be found guilty. First, the court would not sentence the defendant to a prison term beyond the permissive sentencing guidelines limit of seventeen years. Second, although he would be adjudged a habitual felony offender, the court would not sentence the defendant to prison as a habitual felony offender, thereby securing his eligibility for all gain-time available to all guideline-sentenced defendants. Third, the court would have discretion to add on a period of probation which could bring the total sentence up to the maximum limit permitted under section 775.084(4)(a)2. The defendant was tried without a jury, and was found guilty of all three crimes.
At sentencing the defendant was to be sentenced on five convictions (the three aforementioned and two others set for sentencing at the same time), the most serious of which was robbery, a second degree felony. The defendant was adjudged a habitual felony offender and through a combination of concurrent and consecutive sentences, he received a resulting combined *596 sentence of seventeen years prison followed by thirteen years probation.
The written judgments and sentences, signed by the trial judge, showed the defendant as both adjudged and sentenced to prison as a habitual felony offender. After discovering that the Department of Corrections had classified him as a sentenced habitual offender for his prison term, the defendant moved the court for clarification. The trial court granted the motion and ordered that the defendant was not to serve his seventeen-year prison sentence as a habitual felony offender, and directed the Department of Corrections not to classify him as such.
The defendant appealed one of his convictions and all of the sentences. We affirm without further comment the one conviction he challenged, we affirm the order adjudging the defendant a habitual felony offender, but we find error in, and therefore reverse, the sentence.
This court in King v. State, 597 So.2d 309 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla. 1992), ruled that any defendant who qualified for habitualization under section 775.084(3), Florida Statutes, and is timely notified of same, must be adjudged a habitual felony offender or habitual violent felony offender. However, King further holds that the trial judge has no concomitant obligation to punish the habitual felon to the enhanced sentences provided in section 775.084(4), Florida Statutes. Instead the trial judge has some discretion to exercise leniency, but only in two ways: (1) by electing not to sentence the defendant as a habitual felony offender, see § 775.084(4)(c), Fla. Stat. (1989), and imposing a guideline sentence; or (2) by electing to sentence the defendant as a habitual offender, but to a term of years less than the maximums authorized under subsections 775.084(4)(a) and (b). See Burdick v. State, 594 So.2d 267 (Fla. 1992).
Here the trial judge's split sentence totalled thirty years of Department of Corrections control.[1] Under the agreement with the defendant, the trial judge, in his clarification order, removed the habitual offender treatment on the incarcerative portion of the sentence. This gave to the defendant the eligibility for all the gain-time now afforded guideline-sentenced prisoners, which was the consideration he bargained for with the court. The second part of the split sentence, thirteen years of probation, still carried with it the habitual offender treatment. This created a hybrid sentence that we find to be incompatible with the prescript of section 775.084(4)(e).
Section 775.084(4)(e) provides in part as follows:
A defendant sentenced under this section shall not be eligible for gain-time granted by the Department of Corrections except that the department may grant up to 20 days of incentive gain-time each month as provided for in s. 944.275(4)(b). (emphasis added).
Despite the court's clarification order not to classify the defendant as a habitual offender while in prison, he nevertheless remains both adjudicated and sentenced as a habitual offender. The effect, then, of the clarified sentence was to grant the defendant, a sentenced habitual felon, eligibility for that gain-time which subsection 775.084(4)(e) specifically disallows. Therefore, the sentence is not authorized by law.
Consequently, the sentencing part of the agreement, to the extent that it permitted the trial judge to impose an illegal sentence not authorized by law, is voidable. See Williams v. State, 500 So.2d 501 (Fla. 1986), receded from on other grounds, Quarterman v. State, 527 So.2d 1380 (Fla. 1988). The defendant's assent to the sentencing scheme has no bearing on the issue; a defendant cannot confer on the trial court the authority to circumvent the penalties established by law. Larson v. State, 572 So.2d 1368 (Fla. 1991); Bernard v. State, 571 So.2d 560 (Fla. 5th DCA 1990). The absence of authority to impose such a sentence is clearly shown on the face of the judgment and sentence and the order clarifying it, and requires no further evidence *597 to make that determination. See Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1992).
Finally, we come to the question of resentencing. The trial judge promised, in exchange for the defendant's waiver of his right to a jury trial, that the defendant would not serve the incarcerative part of his split sentence as a habitual felony offender. We now hold that, in order to carry out the court's promise, the trial judge may not sentence the defendant as a habitual felony offender for any part of the sentence. Section 775.084(4)(e) does not permit hybrid split-sentencing of the kind employed by the trial judge. Either both ends of the split sentence must be as a habitual offender or it must be neither. Under a correct scheme, then, the defendant should have been determined to be a habitual offender, but not sentenced as a habitual offender, and sentenced to a total of seventeen years in prison followed by thirteen years of probation.
Accordingly, we vacate the sentence as imposed and remand to the trial court to correct the sentence according to the directions expressed in this opinion.
Affirmed in part, vacated in part, and remanded for resentencing.
CAMPBELL, A.C.J., and PARKER, J., concur.
NOTES
[1] We previously believed that the trial judge needed to use the term enhancement provisions of section 775.084(4)(a)2 to achieve 30 years of control, but we overlooked the fact that he ran the maximum sentences on three third degree felonies and one second degree felony consecutively. Therefore, he could achieve 30 years of control without applying section 775.084.