PATTERSON, Judge.
The appellant challenges his judgment and sentences in circuit court case numbers 88-7837 and 90-18598. He argues that the trial court erred in sentencing him as a habitual offender. We agree and reverse.
In case number 88-7837, the appellant pled nolo contendere to burglary and grand theft and was sentenced to concurrent two-year terms of community control. The appellant violated his community control and was sentenced to a fifteen-year term of probation for the burglary and a concurrent five-year term of probation for the grand theft. He then violated his probation and the trial court sentenced the appellant as a habitual offender to ten years in state prison for the burglary concurrent with five years’ probation for the grand theft.
The trial court erred in sentencing the appellant as a habitual offender upon revocation of probation. Snead v. State, 616 So.2d 964 (Fla.1993). As here, Snead pled nolo contendere to the charges against him and was placed on probation. He violated probation and the state then sought enhancement of his sentence. The trial court sentenced Snead as a habitual offender. The supreme court reversed, reasoning that since the state did not notify Snead of its intent to seek habitualization prior to the acceptance of Snead’s plea, the trial court did not have the option of imposing a habitual offender sentence at the original sentencing. Consequently, upon revocation of probation, the trial court could only impose a sentence which it might have originally imposed. Thus, since the court could not originally sentence Snead as a habitual offender it could not do so upon revocation of probation. See Ashley v. State, 614 So.2d 486 (Fla.1993). Therefore, we reverse on the basis of Snead. In addition, the sentence imposed for the grand theft exceeded the five-year statutory maximum for a third-degree felony, since the appellant was not given credit for the portion of that sentence he had already served.
In case number 90-18598, the trial court sentenced the appellant to three years in prison under the guidelines followed by five years of probation as a habitual offender. When the appellant violated his probation, the court sentenced him as a habitual offender to ten years in state prison to be followed by five years of probation. This court has found this type of hybrid sentencing scheme to be invalid in Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992) (both parts of split sentence must be as a habitual offender or neither), and Moorer v. State, 614 So.2d 643 (Fla. 2d DCA 1993) (hybrid sentence of incarceration pursuant to the guidelines followed by probation as habitual offender is improper).
Therefore, both cases must be reversed and remanded for resentencing. Upon remand the trial court must sentence the appellant within the guidelines; however, the court may impose a one-cell increase for each violation of probation. Williams v. State, 581 So.2d 144 (Fla.1991).
Reversed and remanded.
HALL, A.C.J., and THREADGILL, J., concur.