HALL, Judge.
Eddie Branton challenges his sentences for several offenses. We reverse.
Branton entered a negotiated guilty plea to the charges of burglary of a structure and dealing in stolen property in case no. 89-5350, and to the charge of possession of a firearm in case no. 89-5351. He was sentenced to five and one-half years' imprisonment for the burglary offense, to be followed by three years’ probation as a subsequent felony offender for that offense as well as each of the other two.
Branton served the incarcerative portion of his split sentence and, after being placed on probation, admittedly committed numerous technical violations thereof. Branton's probation was then revoked and he was sentenced to a total of 70 years’ imprisonment as a habitual felony offender for the three offenses for which he was originally sentenced.
By this appeal, Branton contends that, pursuant to Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992), his original split sentence was unlawful. We agree. In Burrell, this court held that a split sentence pursuant to which the defendant is treated as a habitual offender for the probation portion only is an unlawful hybrid sentence. A defendant must be treated as a habitual offender under both portions of his split sentence or under neither. 610 So.2d at 597. Since Branton was not treated as a habitual offender under the imprisonment portion of his split sentence, the trial court erred in treating him as a habitual offender when sentencing him upon revocation of probation.
Accordingly, we reverse Branton’s sentence and remand with directions that Branton be resentenced pursuant to his violation of probation for the balance of the original term that he could have received under the plea agreement, with credit for time served.
We note upon remand that an original Ecntence of concurrent terms may not be changed to consecutive terms absent unusual circumstances. Bruno v. State, 596 So.2d 1205 (Fla. 4th DCA 1992).
Reversed and remanded.
FRANK, A.C.J., and THREADGILL, J., concur.