PARKER, Judge.
We reverse Alonzo Morris’s sentence. We conclude that the trial court imposed an illegal hybrid sentence when it sentenced Morris to seventeen years’ prison, regular time, followed by three years’ probation as a habitual violent felony offender, pursuant to a plea agreement.
In Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992), this court held that a hybrid sentence of prison without habitual felony offender status, followed by probation as a habitual felony offender, was in violation of section 775.084, Florida Statutes (1989). *1082 Burrell, 610 So.2d at 596. That is exactly what occurred in this case.
In Burrell, this court remanded with instructions to not sentence Burrell as a habitual felony offender in order to allow the trial court to keep its promise that in return for waiving a jury trial, the defendant would not receive a habitual offender sentence. Burrell, unlike this case, was not based on a plea agreement. The proper remedy in this case is to remand this case to the trial court with instructions to allow the state to accept the plea with the sentence imposed without the habitual violent felony offender status pursuant to Davidson v. State, 468 So.2d 263, 264 (Fla. 2d DCA 1985); or allow Morris to withdraw his plea of guilty and be subject to trial and the opportunity to negotiate a new plea. See Forbert v. State, 437 So.2d 1079 (Fla.1983).
Reversed and remanded with directions.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.