622 So.2d 1148 (1993)
Franklin J. WATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2141.
District Court of Appeal of Florida, First District.
August 18, 1993.
*1149 Wm. J. Sheppard and D. Gray Thomas of Sheppard and White, P.A., Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Franklin J. Watkins, seeks review of his habitual violent felony offender (HVFO) sentence imposed pursuant to a plea agreement in connection with his conviction for armed sale of marijuana. Appellant contends that the sentence is illegal, because it is based on a prior conviction for DUI manslaughter, which is not one of the qualifying offenses enumerated in Section 775.084(1)(b)(1), Florida Statutes (1991). We agree, reverse appellant's sentence, and remand for further proceedings.
Appellant was charged with (1) sale of marijuana, during which he possessed a firearm, and (2) possession of a firearm by a convicted felon. As a result of plea negotiations, appellant entered a guilty plea to the drug charge, with the understanding that he would be sentenced to nine years as a HVFO, with a five-year mandatory minimum sentence, and that the firearm possession charge would be nolle prossed. Appellant's plea was accepted, and he was sentenced in accordance with the agreement.
Initially, we reject the state's argument that appellant is barred from challenging the legality of the HVFO sentence on appeal. Although appellant is precluded from raising issues arising before the entry of his plea,[1] he is not prevented from raising issues regarding the illegality of his sentence. Robinson v. State, 373 So.2d 898 (Fla. 1979). See also Ford v. State, 575 So.2d 1335 (Fla. 1st DCA), review denied, 581 So.2d 1310 (Fla. 1991). If the necessary predicate convictions are absent, a habitual felony offender sentence is illegal. Williams v. State, 591 So.2d 948, 950 (Fla. 1st DCA 1991), quashed on other grounds, 599 So.2d 998 (Fla. 1992). Moreover, no contemporaneous objection is required to appeal from an illegal sentence. Id. at 950. Finally, the fact that appellant agreed to accept a HVFO sentence does not preclude review, because if the sentence is determined illegal, the trial court had no authority to enter it, regardless of the plea agreement. Williams v. State, 500 So.2d 501, 503 (Fla. 1986) (a trial court cannot impose an illegal sentence pursuant to a plea bargain). Accord Cribbs v. State, 599 So.2d 246, 247 (Fla. 1st DCA 1992); Thompson v. State, 599 So.2d 244, 245 (Fla. 1st DCA 1992).
As to the merits of the issue, before a HVFO sentence may be imposed, section 775.084(1)(b)(1) provides that the defendant must have been previously convicted of one or more of the following felonies:

*1150 a. Arson,
b. Sexual battery,
c. Robbery,
d. Kidnapping,
e. Aggravated child abuse,
f. Aggravated assault,
g. Murder,
h. Manslaughter,

i. Unlawful throwing, placing, or discharging of a destructive devise or bomb,
j. Armed burglary, or
k. Aggravated battery.
(Emphasis added.)
Although manslaughter is within the enumeration of prior felonies, DUI manslaughter is not specifically included; therefore, we conclude that the court erred in imposing a HVFO sentence based thereon. One of the fundamental principles of Florida law is that penal statutes must be construed according to their letter. Perkins v. State, 576 So.2d 1310, 1312 (Fla. 1991) (defense of self-defense is available to a murder defendant in a case wherein murder was committed during drug trafficking, because trafficking was not included within the enumeration of forcible felonies in the statute precluding the availability of self-defense). Thus, if the legislature defines a crime in specific terms, courts are without authority to define it differently. See State v. Jackson, 526 So.2d 58, 59 (Fla. 1988). Criminal statutes are to be construed strictly in favor of the accused. Id.; State ex rel. Cherry v. Davidson, 103 Fla. 954, 958, 139 So. 177, 178 (1931); § 775.021(1), Fla. Stat. (1991) (rule of lenity).
In applying the above rules of construction to the instant case, we are unable to accept the state's argument that the reference to manslaughter under section 775.084(1)(b)(1) necessarily encompasses DUI manslaughter. The two offenses are charged under completely different statutes  manslaughter appears in the "Homicide" chapter of the Florida statutes under Section 782.07, Florida Statutes (1991), and DUI manslaughter is listed in the "State Uniform Traffic Control" chapter in Section 316.193(3), Florida Statutes (1991). Moreover, we note that all the predicate offenses enumerated in section 775.084(1)(b)(1) involve intent. DUI manslaughter, by virtue of the fact that the defendant is intoxicated or under the influence of intoxicants, does not require intent. As a consequence, a defendant's intoxication could negate such an intent. Thus, we conclude that DUI manslaughter is not a consciously violent type of crime like those enumerated within section 775.084(1)(b)(1). We therefore hold that because section 775.084(1)(b)(1) does not include DUI manslaughter in the list of predicate offenses necessary for imposition of a HVFO sentence, a HVFO sentence may not be imposed based on a DUI manslaughter conviction.
In support of our conclusion, we rely on Jackson and Perkins, cited above, and State v. Graydon, 506 So.2d 393 (Fla. 1987), wherein the court held that the defendant could not be convicted of resisting an officer with violence on conduct showing that the defendant had resisted a state corrections officer with violence, in that the statute relating to resisting an officer with violence did not designate state corrections officers in the list of officers included within the statute's protection. These cases make it abundantly clear that the court is not free to legislate new crimes by extending the meaning of a statute beyond its plain language. Jackson, 526 So.2d at 59; Perkins, 576 So.2d at 1312-13; Graydon, 506 So.2d at 395.
To summarize, because the trial court erroneously imposed a HVFO sentence based on appellant's prior DUI manslaughter conviction, appellant's enhanced sentence as a HVFO is vacated and the case is remanded. On remand, the trial court is instructed to allow the state to accept the plea with a sentence imposed without HVFO sanctions or allow appellant to withdraw his plea and be subject to trial and the opportunity to negotiate a new plea. See Forbert v. State, 437 So.2d 1079 (Fla. 1983); Arnett v. State, 598 So.2d 235 (Fla. 1st DCA 1992); Morris v. State, 620 So.2d 1081 (Fla. 2d DCA 1993); Davidson v. State, 468 So.2d 263 (Fla. 2d DCA 1985); *1151 Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981). Based on our disposition of the above point, it is unnecessary to reach appellant's remaining issues, i.e., nonconformity in the written sentence and oral pronouncement, failure to make the requisite HVFO findings, and waiver of the enhancement authorized by Section 775.087(1)(c), Florida Statutes (1991), for possession of the firearm during the crime.
REVERSED and REMANDED for further proceedings consistent with this opinion.
WOLF, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] See Robinson v. State, 373 So.2d 898 (Fla. 1979); § 924.06(3), Fla. Stat. (1991).