HALL, Judge.
Albert Pankhurst challenges his conviction and sentence for grand theft. We find merit only in two of his contentions regarding his sentence.
At sentencing for the instant offense (case no. 92-2651), Pankhurst was found to have violated his probation in three cases, nos. 90-1357, 90-1362, and 9CM137. He had originally been sentenced in ease no. 90-1357, pursuant to a plea of guilty to five counts of grand theft, to five years’ imprisonment on count I, to be followed by two years’ imprisonment on count II, to be followed by probation as a subsequent felony offender on counts III through Y. On the same day, and *143 pursuant to the same scoresheet, Pankhurst was also placed on probation as a subsequent felony offender in case no. 90-1362, the term to run concurrently with the probation in case no. 90-1357.
Upon his conviction of the grand theft in this case, Pankhurst’s probation was revoked and he was sentenced as follows: case no. 90-4137: thirty years’ imprisonment as a habitual felony offender on count I, to run concurrently with a term of ten years’ imprisonment on count II; case no. 90-1362: ten years’ imprisonment as a habitual felony offender, to run concurrently with case no. 90-4137; case no. 90-1357: ten years’ imprisonment as a habitual felony offender, to run concurrently with the sentences in case nos. 90-4137 and 90-1362; and case no. 92-2651: ten years’ imprisonment as a habitual felony offender, to run concurrently with the terms in case nos. 90-4137, 90-1362, and 90-1357.
Pankhurst contends that the habitual offender sentence he received in case no. 90-1357 is illegal because, according to Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992), he was originally unlawfully sentenced in that case. We agree. In Burrell, this court held that a hybrid sentence consisting of a guidelines sentence for some offenses and habitualized probation for other offenses is not authorized by the habitual offender statute. Rather, a defendant must be treated as a habitual offender under both portions of his split sentence or under neither. Since Pankhurst was not treated as a habitual offender under the imprisonment portion of his split sentence in case nos. 90-1357 and 90-1362, the trial court erred in treating him as a habitual offender when sentencing him upon revocation of probation in those cases.
Pankhurst further contends that the trial court erred in not granting him credit for time served on counts I and II upon revocation of his probation and resentencing in case no. 90-1357. We agree. In Tripp v. State, 622 So.2d 941, 942 (Fla.1993), the supreme court held that “if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second ' offense.” However, as the state points out, Pankhurst is only entitled to credit for time actually served on counts I and II because, effective October 1, 1989, revocation of probation serves to forfeit gain time previously earned. Section 944.28(1), Fla.Stat. (1989). The offenses for which Pankhurst was sentenced in case nos. 90-1357 and 90-1362 were committed after October 1, 1989.
Accordingly, we affirm Pankhurst’s convictions but reverse his sentences in case nos. 90-1357 and 90-1362 and remand for resen-tencing within the guidelines, Fla.R.Crim.P. 3.701(d)(14), and for the award of credit for time actually served on counts I and II of case no. 90-1357.
PARKER, A.C.J., and PATTERSON, J., concur.