PER CURIAM.
Anthony Thomas appeals from the denial of his motion to correct an illegal sentence. Upon the State’s proper confession of error, we reverse in part and remand for resentenc-ing.
Thomas raised eight grounds challenging the legality of his sentence. Although the first six grounds are without merit, grounds seven and eight compel partial reversal. Defendant argues, and the State properly concedes, that the habitual offender statute was improperly applied to the two life felonies in case number 90-15335. A defendant convicted of a life felony is not subject to enhanced punishment as an habitual offender. Lamont v. State, 610 So.2d 435, 438 (Fla.1992). In his final claim, defendant argues that his sentence exceeded the statutory limit of the habitual offender statute. The State concedes that as to counts three and four in case number 90-17794, defendant’s sentence exceeds the statutory maximum, and that remand and resentencing are required. See Trott v. State, 579 So.2d 807 (Fla. 5th DCA 1991) (plea bargain will not support illegal sentence).
We affirm the remaining sentences.
Affirmed in part; reversed in part; remanded for resentencing.