ALLEN, Judge.
The appellant challenges the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. With regard to four claims asserted by the appellant, we affirm the summary denial. However, we reverse the summary denial of the appellant’s claim that he was sentenced as a habitual felony offender without the requisite prior felony convictions because the attachments to the judge’s order fail to conclusively show no entitlement to relief on this issue.
Pursuant to a written plea agreement in which the appellant agreed to a maximum twenty-year sentence “as [a] habitual offender,” the appellant pled guilty to three counts of robbery and was sentenced to eighteen years’ imprisonment. The appellant claims that with only one prior conviction, he did not qualify as a “habitual offender” under section 775.084(l)(a)(l), Florida Statutes (1989). The trial judge apparently conceded that the appellant had only one prior conviction, but wrote in his order that the prior conviction was for armed robbery, an enumerated offense under section 775.084(l)(b), qualifying appellant for habitualization as a habitual violent felony offender. However, the trial judge did not attach the certified judgment of the armed robbery conviction or any other record evidence to show that the appellant is not entitled to relief. Thus, even assuming that the two classifications are interchangeable, see Trott v. State, 579 So.2d 807 (Fla. 5th DCA. 1991), the order is deficient and we must therefore reverse and remand for the necessary attachments or for an evidentiary hearing. See, e.g., Thomas v. State, 580 So.2d 900 (Fla. 1st DCA 1991).
BOOTH and BENTON, JJ., concur.