PARKER, Judge.
Vernon Norman Mobley challenges the sentence the trial court imposed following violations of community control and probation. Mobley also challenges the credit awarded him for previous time served in prison. We reverse, concluding that the trial court erred in imposing a habitual offender sentence upon revocation of probation when the court previously did not sentence Mobley as a habitual offender for the entire period of his split sentence. We further conclude that Mobley must receive credit for the time he actually served in prison.
In May 1990 Mobley pleaded guilty to possession of cocaine and delivery of cocaine. Mobley’s guidelines’ score was community control or twelve to thirty months’ imprisonment. The trial court sentenced him to two years’ community control. In September 1990 Mobley pleaded guilty to violating his community control. The trial court sentenced him to three and one-half years in prison for possession of cocaine followed by five years’ probation for delivery of cocaine. The written sentencing order reflects that the court sentenced Mobley as a subsequent felony offender for the probationary portion of his sentence only. In September 1991 Mobley admitted violating his probation. The trial court sentenced him to ten years in prison as a habitual felony offender followed by five years’ probation.
The sentence Mobley received in September 1990 was illegal because it was a hybrid sentence consisting of a guidelines sentence for the possession count and habitu-alized probation for the delivery count. See Pankhurst v. State, 632 So.2d 142 (Fla. 2d DCA 1994); Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992). Because the trial court did not sentence Mobley as a habitual offender under the incarcerative portion of his split sentence, the trial court erred in treating him as a habitual offender when sentencing him upon revocation of probation. See Branton v. State, 620 So.2d 1073 (Fla. 2d DCA 1993). Further, Mobley is correct that he is entitled to receive credit for the time he actually served in prison on the possession count. See § 944.28(1), Fla.Stat. (1989); see also Pankhurst.
We reverse Mobley’s sentence and remand for resentencing within the sentencing guidelines plus a one-cell bump for each violation of community control or probation. See Williams v. State, 581 So.2d 144 (Fla. 1991). Mobley is entitled upon resentencing to receive credit for the time he actually served in prison.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.