651 So.2d 726 (1995)
Nathaniel WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1276.
District Court of Appeal of Florida, Fifth District.
February 24, 1995.
Rehearing Denied March 24, 1995.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
White appeals the trial court's denial of his motion to correct an illegal sentence filed pursuant to rule 3.800. He argues he was improperly sentenced as a violent habitual offender[1] because the predicate offense used was a 1977 manslaughter conviction.[2] It stemmed from a charge of driving under the influence of alcohol during the course of which White struck and killed a bicyclist with his car.
White took a direct appeal to this court. His sentences and convictions were per curiam affirmed. See White v. State, 576 So.2d 307 (Fla. 5th DCA 1991). This court has upheld sentencing a defendant as a violent felony offender based on a previous felony conviction approximately the equivalent of DUI/manslaughter. Canales v. State, 571 So.2d 87 (Fla. 5th DCA 1990).
In the prior direct appeal, based on this court's records, White in fact challenged his violent habitual felony offender sentence on the very grounds he now seeks to raise in the context of this appeal from a rule 3.800 motion. Under the law of the case doctrine (a species of res judicata), White cannot raise this issue again. Sanders v. State, 621 So.2d 723 (Fla. 5th DCA), rev. denied, 629 So.2d 135 (Fla. 1993). A per curiam decision even without opinion establishes the law of the case on the same issues and facts which were raised or which could have been raised. Gaskins v. State, 502 So.2d 1344, 1346 (Fla. 2d DCA 1987); State v. Stabile, 443 So.2d 398 (Fla. 4th DCA 1984).
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] § 775.084(1)(b)(1), Fla. Stat. (1989).
[2] § 860.01, Fla. Stat. (1977).