DANAHY, Acting Chief Judge.
On this appeal from the denial of a motion for collateral relief which the trial court construed to be a motion under Florida Rule of Criminal Procedure 3.800(a), the appellant challenges his prison sentence on one offense followed by a habitual offender probation term on another offense. He argues that these sentences are improper under the holding of this court in Burrell v. State, 610 So.2d 594 (Fla. 2d DCA 1992).
The holding in Btvrrell does indeed support the appellant’s position. However, since the decision in Burrell, the Florida Supreme Court came to the opposite conclusion in State v. Tito, 616 So.2d 39 (Fla.1993). In that case Tito had been sentenced to a five-year upward departure sentence in one case and a consecutive five-year upward departure sentence in a second case, followed by a habitual offender sentence of ten years’ probation in a third case, consecutive to the sentence in the second case. Tito contended that he could not be placed on probation as a habitual offender. The supreme court said that it found no abuse of discretion in placing Tito on ten years’ probation after completing his prior sentence.
Tito, in effect, overruled this court’s decision in Burrell. Accordingly, we affirm. Nothing in this court’s decisions in Branton v. State, 620 So.2d 1073 (Fla. 2d DCA 1993), and Pankhurst v. State, 632 So.2d 142 (Fla. 2d DCA 1994), should be construed as expressing a rule different from that in Tito which, of course, this court may not do.
Affirmed.
PATTERSON and BLUE, JJ., concur.