666 So.2d 895 (1996)
Nathaniel WHITE, Petitioner,
v.
STATE of Florida, Respondent.
No. 85603.
Supreme Court of Florida.
January 18, 1996.
James B. Gibson, Public Defender and Brynn Newton, Assistant Public Defender, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Respondent.
ANSTEAD, Justice.
We have for review White v. State, 651 So.2d 726 (Fla. 5th DCA 1995), which expressly and directly conflicts with the opinion in Watkins v. State, 622 So.2d 1148 (Fla. 1st DCA 1993). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we approve White and disapprove Watkins.
In 1990, Petitioner Nathaniel White was convicted of possession of a firearm by a convicted felon, burglary of a dwelling, robbery, two counts of aggravated assault, and eluding a police officer. White was sentenced as a habitual violent felony offender. In his direct appeal, White argued that he was improperly sentenced as a habitual violent felony offender because the predicate offense used was a 1977 manslaughter conviction *896 for causing a death while intoxicated.[1] The district court per curiam affirmed White's convictions and sentences. See White v. State, 576 So.2d 307 (Fla. 5th DCA 1991).
On February 10, 1994, White filed a rule 3.800 motion to correct an illegal sentence in the trial court. In this motion, White again challenged his habitual violent felony offender sentence on the same ground asserted in his direct appeal. This motion was denied on May 6, 1994. On February 24, 1995, the Fifth District affirmed the trial court's denial. White v. State, 651 So.2d 726 (Fla. 5th DCA 1995).
Before a habitual violent felony offender sentence may be imposed, section 775.084(1)(b)(1), Florida Statutes (1989), requires a defendant to have been previously convicted of one or more of the following felonies:
a. Arson,
b. Sexual Battery,
c. Robbery,
d. Kidnapping,
e. Aggravated child abuse,
f. Aggravated assault,
g. Murder,
h. Manslaughter,
i. Unlawful throwing, placing, or discharging of a destructive device or bomb,
j. Armed burglary, or
k. Aggravated battery.
Petitioner specifically contends here that because the other crimes enumerated in section 775.084(1)(b)(1) are "especially" or "consciously" violent, a prior conviction for manslaughter by culpable negligence cannot qualify a defendant as a habitual violent felony offender. We disagree, and hold that a plain reading of section 775.084(1)(b)(1), and section 782.07, Florida Statutes (1995), which defines manslaughter, shows a legislative intent that a prior conviction for manslaughter by culpable negligence can qualify a defendant as a habitual violent felony offender.
In section 775.084(1)(b)(1), the legislature has provided for "manslaughter" as a qualifying offense without limitation. Although there are certain types of killings specifically defined as manslaughter in Florida,[2] manslaughter, in general, is defined in section 782.07 as:
The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, shall be deemed manslaughter and shall constitute a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added). A plain reading of these two statutory provisions together (i.e., sections 775.084(1)(b)(1) and 782.07) indicate to us that the legislature intended to permit courts to habitualize defendants with a prior conviction for manslaughter by culpable negligence.
In Watkins, the court concluded that since "all of the predicate offenses enumerated in section 775.084(1)(b)(1) involve intent," DUI manslaughter could not be included. 622 So.2d at 1150. However, that statement is incorrect, since manslaughter is included as a predicate offense and manslaughter need not include intent. See § 782.07, Fla. Stat. (1993). The inclusion of manslaughter was a legislative choice which, when plainly stated, offers little room for judicial gloss. We must take it as stated.
Furthermore, the legislature specifically provided in section 860.01(2), Florida Statutes *897 (1975), the statutory provisions under which appellant was convicted:
[I]f the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter, and on conviction be punished by existing law relating to manslaughter.
Again, a plain reading of these statutory provisions indicates that White's prior conviction was properly used as a qualifying offense for his adjudication as a habitual violent felony offender.
Accordingly, we approve White v. State, 651 So.2d 726 (Fla. 5th DCA 1995), and disapprove Watkins v. State, 622 So.2d 1148 (Fla. 1st DCA 1993), to the extent it held that a defendant cannot qualify as habitual violent felony offender based upon a prior conviction for manslaughter by culpable negligence, or is otherwise inconsistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.
NOTES
[1] The conviction stemmed from a charge of driving under the influence of alcohol during the course of which White struck and killed a bicyclist with his car. White, 651 So.2d at 726. White was convicted under section 860.01(2), Florida Statutes (1975), which provides that a death caused by the operation of a motor vehicle by a person while intoxicated constitutes "manslaughter," and on conviction such person shall be punished "by existing law relating to manslaughter."
[2] See § 782.08, Fla. Stat. (1993) (assisting selfmurder); Id. § 782.09 (the willful killing of an unborn quick child); Id. § 782.11 (unnecessary killing to prevent an unlawful act).