ERVIN, Judge,
concurring and dissenting.
I concur with all portions of the majority’s opinion except that part affirming appellant’s habitual felony offender (HFO) sentence, insofar as it was based on two prior Georgia robbery convictions, because, in my judgment, one of the convictions is not a “qualified offense,” as required by Florida’s HFO statute, section 775.084, Florida Statutes (1993).
A comparison of the elements in the Georgia and Florida statutes demonstrates that “robbery by sudden snatching” in Georgia is not substantially similar to robbery in Florida. The Georgia statute permits a conviction for simply taking property from another’s “immediate presence,” thereby requiring only the victim’s awareness that the property is being taken, while not requiring that the perpetrator use any force beyond the mere effort to take the property. § 16-8-40(a), Ga.Code Ann. (1994); King v. Georgia, 214 Ga.App. 311, 447 S.E.2d 645, 647 (1994). In contrast, Florida’s robbery statute requires taking property from the person or-custody of another with some degree, no matter how nominal, of “force, violence, assault, or putting in fear.” § 812.13(1) Fla.Stat. (1993).
The majority refers to an opinion in which the Florida Supreme Court observed that larceny, now theft, involves only a mere taking, whereas robbery requires a showing of some degree of force “exerted upon the victim’s person.” McCloud v. State, 335 So.2d 257, 259 (Fla.1976). The majority concludes *485 therefrom that Florida ease law demonstrates that snatching constitutes robbery in Florida, because some force is always present. None of ’the cases the majority relies upon, however, involved the snatching of personal property from the presence of the victim. Instead, all upheld convictions of robbery by the use of some amount of force in taking property from the victim’s person. See, e.g., McCloud; Andre v. State, 431 So.2d 1042 (Fla. 5th DCA 1983). Indeed, the majority discusses only the latter situation and ignores the former:
Nevertheless, we find that the degree of force used in snatching someone’s purse or other property from their person, even where that person does not resist and is not injured, is sufficient to satisfy the force or violence element of robbery in Florida.
Ante at 484 (emphasis added). In so deciding, the majority fails to acknowledge that robbery by sudden snatching under the Georgia statute does not require a taking of property from the victim’s person by the use of any force whatsoever.
Because these two statutes differ substantially on this material element, robbery by sudden snatching from the presence of the victim cannot be considered a “qualified offense,” as required by section 775.084(l)(c). See O’Neill v. State, 661 So.2d 1265, 1268 (Fla. 5th DCA 1995) (out-of-state statute need not mirror Florida statute, but must be substantially similar in elements and penalties to be a qualifying offense).
Moreover, although robbery by sudden snatching in Georgia could involve snatching from the victim’s person, which would thereby be comparable to robbery in Florida, pursuant to the cases cited by the majority, it appears that Robinson’s Georgia conviction involved a sudden snatching from the victim’s presence, rather than from her person. This conclusion is supported by the statement in both Robinson’s presentence investigation report, read into the record of the case below, and the Georgia presentment, alleging that Robinson took “U.S. currency, the property of the Suwannee Swifty Store, from the immediate presence of Veronica Alford, by use of sudden snatching.”[1] (Emphasis added.)
Curiously, while sentencing appellant in the case at bar as an HFO, the lower court nonetheless concluded that robbery was not a qualified offense for purposes of habitual violent felony offender (HVFO) sentencing.[2] During the sentencing hearing, defense counsel argued that the Georgia conviction for robbery by sudden snatching could not qualify as robbery under Florida law for the purpose of classifying Robinson as a habitual violent felony offender, because, in counsel’s words, all appellant had committed in Georgia was simply “glorified shoplifting.” For reasons that are not fathomable to me, defense counsel nevertheless conceded, upon questioning by the trial court, that Robinson did qualify as an HFO. The state contended, on the contrary, that robbery by sudden snatching was the equivalent of robbery in Florida, thus qualifying Robinson as an HVFO. The court agreed with defense counsel and declined to find Robinson an HVFO, instead finding him to be an HFO. But neither the court nor counsel ever discussed just what offense exists in Florida which is substantially similar to robbery by sudden snatching, in order for it to qualify as a predicate offense for HFO sentencing.
Obviously, the trial court erred in accepting defense counsel’s concession. If robbery by sudden snatching in Georgia is substantially similar to robbery in Florida, then Robinson qualified for HVFO sentencing, because robbery is one of the enumerated prior violent offenses under section 775.084(l)(b)(l). If, however, robbery by snatching an article from the presence of another in Georgia is not substantially similar to robbery in Florida, then it can only qualify as a predicate offense for HFO sentencing if it is shown to be substantially similar to some other felony. In the written HFO order, the trial court merely character *486 ized robbery by sudden snatching as a qualifying offense, without elaboration. Yet, I cannot conceive of any felony in Florida that would be similar to it.[3]
The fact that defense counsel conceded HFO status does not establish such status when it appears that the necessary predicate offenses are absent. See Watkins v. State, 622 So.2d 1148 (Fla. 1st DCA 1993), disapproved of on other grounds, White v. State, 666 So.2d 895 (Fla.1996); Gahley v. State, 605 So.2d 1309 (Fla. 1st DCA 1992); Trott v. State, 579 So.2d 807 (Fla. 5th DCA 1991). Nevertheless, because of the defense’s concession, the state did not have the opportunity to offer evidence establishing that Robinson’s Georgia offense qualified as a predicate HFO offense. I would therefore reverse and remand the case to the trial court for further proceedings to determine whether Robinson may be sentenced as a habitual felony offender.

. A consideration of the facts underlying the foreign offense appears to be appropriate. See. Abner v. State, 566 So.2d 594, 595 (Fla. 1st DCA 1990) ("Testimony taken during sentencing supports appellant's contention that his prior Alabama offense is the functional equivalent in Florida of aggravated battery.”) (emphasis added).

. The state had sought both HVFO sentencing and HFO sentencing.

. Felony theft, for example, requires the property taken to be valued at over $300, but no mention was made by the trial court of the value of the property that Robinson had stolen in Georgia. (The judgment from Georgia reflects that Robinson was fined $300 and ordered to pay $20 restitution, so presumably all he stole was $20.)