DAMOORGIAN, J.
 

 Edward Alvarado appeals his prison sentences emanating from his convictions for sexual battery on a child under twelve years of age and lewd and lascivious molestation. Alvarado argues that the trial court erred in sentencing him as a habitual violent felony offender on the ground that his prior felony conviction for aggravated battery on a pregnant woman did not qualify as a violent felony offense under section 775.084, Florida Statutes (2005). He next asserts that imposing habitual violent felony offender and dangerous sexual felony offender sanctions, pursuant to section 794.0115, Florida Statutes (2005), constitutes an improper double enhancement and violated his right to substantive due process. We affirm the trial court’s sentences and write only to address the first issue.
 

 Alvarado was charged with aggravated battery on a pregnant woman in violation of section 784.045(l)(b), Florida Statutes (2004). In July 2004, he entered a no contest plea and was adjudicated guilty. In 2005, he was charged by information with two counts of sexual battery on a child under twelve years of age (Counts I and II), two counts of lewd and lascivious molestation (Counts III and IV), and one count of lewd and lascivious exhibition (Count V). The State also announced that it intended to seek habitual violent felony offender (HVFO) sanctions, pursuant to § 775.084, Florida Statutes (2005), and dangerous sexual felony offender (DSFO) sanctions, pursuant to § 794.0115, Florida Statutes (2005).
 
 [1]
 

 After a jury trial on the 2005 charges, Alvarado was found guilty. During the sentencing hearing, the State elicited testimony offered to prove the evidentiary predicate for imposition of the HVFO sanctions. The State also sought imposition of DSFO sanctions against Alvarado based on the fact that he was on probation for aggravated battery at the time he committed the crimes. The trial court found that Alvarado qualified for HVFO sanctions based on his prior conviction for aggravated battery on a pregnant woman, and sentenced him to concurrent mandatory life sentences on Counts I and II, with twenty-five year minimum mandatory terms as a DSFO. On Counts III and IV, Alvarado was sentenced to concurrent terms of life imprisonment with fifteen-year minimum mandatory terms as an HVFO and twenty-five-year minimum mandatory terms as a DSFO. Finally, on Count V, Alvarado received thirty years imprisonment with a
 
 *1275
 
 ten-year minimum mandatory term as an HVFO and a twenty-five year minimum mandatory term as a DSFO.
 

 Alvarado argues that the trial court erred in sentencing him as an HVFO on Counts III, IV, and V because the sole prior conviction upon which this enhanced sentencing was imposed is aggravated battery on a pregnant woman under section 784.045(l)(b), Florida Statutes (2004). He asserts that this particular form of aggravated battery is unlike the standard aggravated battery because it is not a violent crime.
 
 See
 
 § 784.045(l)(b), Fla. Stat. (2004). Instead, the crime of simple battery moves from a misdemeanor to a felony when the victim is pregnant and the accused knew or should have known that she was pregnant.
 
 Id.
 
 Thus, Alvarado reasons that aggravated battery on a pregnant woman is not a violent offense that subjects him to HVFO sentencing. This is an issue of statutory construction, a pure question of law for which the standard of review is de novo.
 
 See Sutton v. State,
 
 975 So.2d 1073, 1076 (Fla.2008).
 

 Section 775.084(l)(b), Florida Statutes (2004) sets forth the requirements for HVFO sanctions. It states that a court may impose an extended term of imprisonment as a habitual violent felony offender if the defendant was previously convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions were for one of the felonies enumerated in the statute. § 775.084(l)(b)(l), Fla. Stat. (2004). Aggravated battery is one of the enumerated crimes that qualify a defendant for HVFO sentencing.
 
 Id.
 

 Turning to the aggravated battery statute, section 784.045(l)(b), Florida Statutes (2004), states that:
 

 “A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.”
 

 This statute does not differentiate between the standard aggravated battery and simple battery that becomes aggravated battery because the victim is pregnant. Moreover, it does not describe different sentencing for the two forms of aggravated battery, and specifically references section 775.084, Florida Statutes, the HVFO sentencing statute, as an option for both forms of aggravated battery.
 
 [2]
 

 Our supreme court dealt with a similar issue in
 
 White v. State,
 
 666 So.2d 895 (Fla.1996). There, the defendant was sentenced under section 775.084, Florida Statutes as an HVFO.
 
 Id.
 
 at 895. His predicate offense was manslaughter by culpable negligence.
 
 Id.
 
 at 895-96. The conviction stemmed from a charge of driving while under the influence of alcohol during which the defendant struck and killed a bicyclist with his car.
 
 Id.
 
 at 896 n. 1. The defendant filed a rule 3.800 motion to correct an illegal sentence, arguing that he should not have been sentenced as an HVFO because his predicate offense, unlike the other enumerated predicate offenses, was not “especially” or “consciously” violent.
 
 Id.
 
 at 896. The Florida Supreme Court disagreed, stating that the legislature named manslaughter as a qualifying offense without limitation.
 
 Id.
 
 The Supreme Court held that the plain language of the HVFO provision and the manslaughter provision, when read together, “indicate ... that the legislature intended to permit courts to habitualize defendants with a prior convic
 
 *1276
 
 tion for manslaughter by culpable negligence.”
 
 Id.
 

 Likewise, a plain reading of the HVFO provision and the aggravated battery provision indicates that the legislature intended to permit courts to habitualize defendants who have committed simple battery on a pregnant woman, which is deemed an aggravated battery because of the condition of the victim. The legislature listed aggravated battery as an enumerated predicate offense for HVFO sentencing without limiting it to the standard aggravated battery. Accordingly, the trial court did not err in sentencing Alvarado as an HVFO.
 

 Alvarado urges this court to perform the kind of analysis that our supreme court performed in
 
 State v. Hearns,
 
 961 So.2d 211 (Fla.2007). There, the defendant was sentenced as a violent career criminal (VCC) under section 775.084, Florida Statutes (2000).
 
 Id.
 
 at 212. One of the offenses that qualified the defendant for VCC sentencing was battery on a law enforcement officer (BOLEO).
 
 Id.
 
 at 212-13. The defendant filed a motion for post-conviction relief, arguing that BOLEO is not a qualifying offense for VCC sentencing.
 
 Id.
 
 at 213. As in the present case, the defendant argued that BOLEO is really simple battery that becomes a more serious offense when it is committed on a law enforcement officer.
 
 Id.
 
 at 214.
 

 That is where the similarities end between
 
 Hearns
 
 and the present case. The defendant in
 
 Hearns
 
 was being sentenced under the VCC statute, which did not specifically list BOLEO as a qualifying offense.
 
 Id.
 
 Thus, in order for BOLEO to become a qualifying offense for VCC sentencing, it had to fall under the catch-all category of “any forcible felony, as described in s. 776.08.”
 
 Id.
 
 The forcible felony statute also did not specifically list BOLEO as a forcible felony, so it had to fall under that statute’s catch-all category as “any other felony which involves the use or threat of physical force or violence against any individual.”
 
 Id.
 
 The Court went on to analyze the statutory elements of BOLEO to determine whether it is a forcible felony, and determined that it is not.
 
 Id.
 
 at 218-20.
 

 The
 
 Hearns
 
 analysis is not applicable to this case because Alvarado was convicted of one of the enumerated qualifying offenses for HVFO sentencing. The legislature has clearly indicated its intent that the specifically-enumerated offenses qualify a defendant for enhanced sentencing. Accordingly, the trial court properly sentenced Alvarado as an HVFO because battery on a pregnant woman falls within the definition of aggravated battery, one of the enumerated qualifying offenses.
 

 Affirmed.
 

 WARNER and STEVENSON, JJ., concur.
 

 [1]
 

 . Alvarado was also cited for violating the terms of his probation by committing the new law violations. He was ultimately found to have violated the terms of his probation. The sentence that was ultimately imposed in the probation case is not relevant to this appeal.
 

 [2]
 

 . "Whoever commits aggravated battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.083, s. 775.083, or s. 775.084.” § 784.045(2), Fla. Stat. (2005).