# Third District Court of Appeal

## State of Florida

Opinion filed June 10, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2085
Lower Tribunal No. F06-21706
_____

**Damian L. Kelly,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Miguel Manuel de la O, Judge.

Damian L. Kelly, in proper person.

James Uthmeier, Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellee.

Before SCALES, C.J., and MILLER and BOKOR, JJ.

PER CURIAM.

Self-represented appellant Damian L. Kelly appeals the trial court's September 28, 2025 order summarily denying his April 29, 2022 postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.800. As in his postconviction motion, Kelly argues on appeal that his sentence is illegal because, when Kelly was sentenced in 2007, under the 10-20-Life statute,[1] the trial court allegedly was under the mistaken belief that the sentences for Kelly's convictions for aggravated battery and shooting a deadly missile into a vehicle were required to run consecutively.

Kelly made this identical argument which this Court rejected on plenary appeal. Kelly v. State, 3 So. 3d 1263 (Fla. 3d DCA 2009) (table). Kelly again made this argument unsuccessfully in a July 2009 postconviction motion and a subsequent appeal of the trial court's order denying that motion. Kelly v. State, 27 So. 3d 729 (Fla. 3d DCA 2010).

Undeterred, Kelly made the same assertion in his April 2022 postconviction motion. In its detailed order denying Kelly's motion, the postconviction court carefully explained why the trial court did not reversibly err when it sentenced Kelly to consecutive, rather than concurrent, terms. In

---

[1] This statute provides for enhanced penalties when, during the commission of certain enumerated criminal offenses, one possesses or discharges a firearm or destructive device. See § 775.087(2), Fla. Stat. (2007).

sum, the trial court concluded that, in 2007,[2] when Kelly was sentenced, the relevant statutory framework of the 10-20-Life statute required the trial court to sentence Kelly consecutively because Kelly was convicted of both a qualifying offense (aggravated battery with a firearm) and a non-qualifying offense (shooting a deadly missile into a vehicle).[3]

This Court has twice previously rejected Kelly's arguments that his consecutive sentencing was illegal, and we do so now for the third time on the same grounds. See State v. McBride, 848 So. 2d 287, 291 (Fla. 2003) (holding that collateral estoppel bars re-litigation of a claim in a postconviction context); White v. State, 651 So. 2d 726, 726 (Fla. 5th DCA 1995) (holding that the law of the case doctrine prevents a defendant from challenging his sentence in a rule 3.800 motion after failing to prevail on the same issue in his plenary appeal). We will likely not be doing so a fourth

---

[2] The trial court inadvertently identified the date of sentencing as occurring in 2010.

[3] The trial court noted that, in 2025, the 10-20-Life statute was amended to eliminate the requirement that a sentence for a non-qualifying offense be imposed consecutive to the qualifying offense's mandatory minimum sentence. We reject the assertion that Kelly is somehow entitled to a retroactive benefit of this statutory change occurring fifteen years after Kelly was initially sentenced. See Pappas v. State, 346 So. 3d 1200, 1203 (Fla. 1st DCA 2022) (holding that, to apply a criminal statute retroactively (in this instance, a 2016 amendment to section 775.087), there must be clear intent of retroactive application in the statutory amendment).

time, however, because we caution Kelly that further self-represented filings with this Court challenging the consecutive nature of Kelly's sentence will result in this Court entering an order requiring Kelly to show cause as to why he should not be precluded from self-represented filings in this case.

Affirmed; defendant cautioned.